FILED
AUG 25 2026
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA
JHS

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **RYAN P. KELLEY,** Plaintiff, | ) | **CIVIL ACTION NO.:** ____________ |
| v. | ) | **JURY DEMAND ENDORSED HEREON** |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO),** Defendant. | ) | **1:26-cv-1777-JPH-MKK** |

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ryan P. Kelley, proceeding *pro se*, for his Complaint against Defendant, Government Employees Insurance Company ("GEICO"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), to remedy Defendant's unlawful disability discrimination, failure to provide reasonable accommodations, unlawful retaliation, and intentional injury to Plaintiff's professional reputation.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts substantial business within this District, maintained Plaintiff's workplace within this District, and a substantial part of the events and omissions giving rise to these claims occurred in this District.

**PARTIES**

4. Plaintiff, Ryan P. Kelley, is an adult individual who resides in Madison County, Indiana.

5. Defendant, Government Employees Insurance Company ("GEICO"), is a foreign corporation maintaining an office and place of business located at 101 W 103rd St, Indianapolis, IN 46290.

**FACTUAL ALLEGATIONS**

6. Plaintiff was hired by Defendant in or around January 2017 as a Service Representative.

7. Throughout his tenure, Plaintiff performed exemplary work, earning the distinction of being named a two-time Chairman's Club award winner, recognizing top performance within the corporation.

8. At all times relevant hereto, Plaintiff was a qualified individual with a disability within the meaning of the ADA, suffering from severe physical impairments including chronic asthma, severe environmental allergies, and Familial Chylomicronemia Syndrome (FCS).

9. As a direct result of these underlying medical conditions, severe coughing fits caused by in-office airborne triggers repeatedly resulted in the traumatic rupturing of tumors in

Plaintiff's throat, causing severe medical distress and substantially limiting major life activities, including breathing and speaking.

10. On or about January 16, 2023, Plaintiff submitted a formal medical accommodation request, supported by medical certification from his physician, requesting a full-time work-from-home accommodation to prevent exposure to severe airborne triggers in the physical office environment.

11. On or about January 23, 2023, Defendant denied Plaintiff's requested full-time work-from-home accommodation.

12. On or about February 2, 2023, approximately seventeen (17) days after Plaintiff submitted his formal accommodation request, Defendant terminated Plaintiff's employment.

13. Defendant's proffered justification for termination—alleged call volume deficiencies—is false, pretextual, and calculated to conceal unlawful discrimination.

14. Specifically, when factoring in the reduced hours Plaintiff was permitted to work due to his severe medical condition, Plaintiff's actual call volume and call-handling rate was higher than Defendant's prorated call volume expectation based on standard working hours.

15. Defendant further engaged in intentional slander and defamation of Plaintiff's professional reputation by falsely characterizing Plaintiff as a "problem employee" during administrative proceedings, an assertion directly contradicted by Plaintiff's award-winning performance history and prorated productivity metrics.

16. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), designated as Charge No. 470-2023-01809.

17. On May 28, 2026, the EEOC issued a Notice of Right to Sue regarding Charge No. 470-2023-01809, and Plaintiff has initiated this action within ninety (90) days of receipt of said Notice.

**COUNT I**

**DISABILITY DISCRIMINATION (ADA)**

**42 U.S.C. § 12112(A)**

18. Plaintiff realleges and incorporates Paragraphs 1 through 17 as if fully set forth herein.

19. Defendant discriminated against Plaintiff on the basis of his disability in violation of 42 U.S.C. § 12112(a) by discharging him from employment based on pretextual grounds.

20. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered and continues to suffer loss of employment, lost wages, lost benefits, emotional distress, and pecuniary harm.

**COUNT II**

**FAILURE TO ACCOMMODATE (ADA)**

**42 U.S.C. § 12112(B)(5)(A)**

21. Plaintiff realleges and incorporates Paragraphs 1 through 17 as if fully set forth herein.

22. Defendant violated 42 U.S.C. § 12112(b)(5)(A) by failing and refusing to provide a reasonable medical accommodation to Plaintiff's known physical limitations despite the availability of work-from-home capabilities.

23. As a direct and proximate result of Defendant's failure to accommodate, Plaintiff suffered adverse effects on his medical condition and loss of employment.

## COUNT III

## RETALIATION (ADA)

## 42 U.S.C. § 12203(A)

24. Plaintiff realleges and incorporates Paragraphs 1 through 17 as if fully set forth herein.

25. Plaintiff engaged in statutorily protected activity under the ADA by requesting a reasonable medical accommodation for his disability.

26. Defendant violated 42 U.S.C. § 12203(a) by retaliating against Plaintiff and discharging him from employment seventeen (17) days after he requested an accommodation.

## COUNT IV

## DEFAMATION / INJURY TO PROFESSIONAL REPUTATION

27. Plaintiff realleges and incorporates Paragraphs 1 through 17 as if fully set forth herein.

28. Defendant knowingly made and published false, defamatory, and disparaging statements characterizing Plaintiff as a "problem employee," causing severe injury to Plaintiff's standing in his profession and community.



**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Ryan P. Kelley, respectfully requests that this Court enter judgment in his favor and against Defendant GEICO, granting the following relief:

1. Back pay and lost wages, including prejudgment interest;
2. Restoration of all lost employee benefits, including retirement and IRA vesting;
3. Compensatory damages for emotional distress, mental anguish, humiliation, physical suffering, and damage to professional reputation;
4. Punitive damages for Defendant's willful, reckless, and malicious violation of Plaintiff's statutory rights; and
5. Such other and further relief as this Court deems just, proper, and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues and claims so triable in this action.

Respectfully submitted,

Ryan P. Kelley

**Ryan P. Kelley, Pro Se**
9191 West Swimming Hole Lane
Pendleton, IN 46064
Telephone: (765) 555-0199
Email: ryan.kelley@example.com